UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE C. BROWN,

        Petitioner,         Case No. 1:08-cv-593

v.         Honorable Paul L. Maloney

WILLIAM A. FORSYTH et al.,

        Respondents.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner, apparently pursuant to 28 U.S.C. § 2241.[1] Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES[2]; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual

---

[1] Petitioner does not specify the statute under which he brings his action. However, because Petitioner appears to be confined awaiting trial, he is not "in custody pursuant to the judgment of a State Court . . . ." 28 U.S.C. § 2254(a). As a pretrial detainee, Petitioner may seek a writ of habeas corpus under 28 U.S.C. § 2241(c)(3). *See Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006).

[2] Rule 1(b) of the Rules Governing § 2254 Cases expressly provides that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)," which addresses cases filed under § 2254. The rules therefore are properly applied to habeas petitions brought by pretrial detainees under § 2241. *See also* 28 U.S.C. § 2243 (indicating that, after the filing of any habeas corpus petition, a district court should promptly issue an order directing a response "unless it appears from the application that the applicant or person detained is not entitled thereto.").

allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed without prejudice for failure to exhaust available state-court remedies

## **Discussion**

### I. Factual allegations

Petitioner Andre C. Brown presently is confined at the Kent County Correctional Facility. According to the allegations contained in the petition, he currently is awaiting trial on one count of unarmed robbery and a second count of assault. Petitioner complains that his present pretrial confinement was imposed without due process because the charges against him are baseless. Specifically, he argues that the witness testimony introduced at the preliminary examination did not adequately support a finding of probable cause and that the photo identification line-up used by police officers was impermissibly suggestive. He seeks release from confinement.

### II. Failure to exhaust available state-court remedies

To be eligible for habeas corpus relief under § 2241, a pretrial detainee must first exhaust other available remedies. *See, e.g., Jones v. Perkins*, 245 U.S. 390, 391-92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 550-51 (1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise"); *Alden v. Kellerman*, 224 F. App'x 545, 547 (7th Cir. 2007); *Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir. 1988) (per curiam) (stating that defendants cannot use § 2241 to challenge pretrial detention orders that can be

challenged under 18 U.S.C. § 3145); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (same). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (addressing § 2254 petitions); *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Here, the grounds Petitioner asserts "are, in substance, defenses to [his] criminal prosecution," and therefore are not generally cognizable unless exhausted in the state courts. *Horning v. Seifart*, No. 96-5070, 1997 WL 58620, at *1 (6th Cir. Feb. 11, 1997). The writ of habeas corpus "'should not do service for an appeal,'" and "'[t]his rule must be strictly observed if orderly appellate procedure is to be maintained.'" *United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979) (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 274 (1942)). Petitioner has not yet challenged his detention during his criminal proceedings, as he has not yet been tried. Should he be unsuccessful raising his claims in the trial court, he will have the opportunity to appeal the issues in the Michigan Court of Appeals and the Michigan Supreme Court.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be dismissed for failure to exhaust state court remedies. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: July 14, 2008                            /s/  Joseph G. Scoville
                                                United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).